UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL GARLASCO | : | CIVIL ACTION NO. |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM T. STUART in his | : | |
| official capacity as First Selectman | : | |
| Chief of Police and Superintendent | : | |
| of Highways, and in his individual | : | |
| capacity, and the TOWN OF | : | |
| BRIDGEWATER | : | |
|     Defendants | : | FEBRUARY 27, 2007 |

## **COMPLAINT**

### PARTIES, JURISDICTION AND VENUE

1.      The plaintiff, Paul Garlasco, is an individual residing within the State of Connecticut.

2.      The defendant, William T. Stuart (hereinafter, "Defendant Stuart") is the First Selectman for the defendant Town of Bridgewater.  Defendant Stuart also serves as Chief of Police and as Superintendent of Highways for the Town of Bridgewater.   Defendant Stuart is an individual residing within the State of Connecticut.

3.      The defendant, Town of Bridgewater, is a municipal entity organized under the laws of the State of Connecticut.

4.      This Court has jurisdiction over this matter pursuant to 28 United States Code Sections 1331 and 1343(a)(3).

5.     Venue lies in this District of Connecticut pursuant to 28 United States Code Section 1391(b)(1) and (2).

FACTUAL ALLEGATIONS

6.     The plaintiff is the owner of a certain parcel of real property consisting of approximately 18 acres which is located within the Town of Bridgewater, and designated by the town's Tax Assessor as parcel number 27-18 (hereinafter, "the property").

7.     The plaintiff's property consists of several wooded acres, the access to which must be made via an "existing traveled way" which extends from the current "Old Town Highway."

8.     On or about January 31, 2005, the plaintiff applied for a variance with the Town of Bridgewater's Zoning Board of Appeals (hereinafter, "Zoning Board"), upon which application a hearing was held on March 22, 2005.

9.     Defendant Stuart attended the hearing, testified and presented evidence which included evidence offered on behalf of another town resident.

10.     Defendant Stuart, either on his own behalf or on behalf of the Town of Bridgewater, also solicited and or caused to be prepared and presented to the Board, a legal opinion in opposition to the granting of said variance.

11.     Defendant Stuart attended the hearing in his capacity as First Selectman.

12.     The Zoning Board denied the plaintiff's variance application.

13.     Thereafter, on or about March 24, 2005, defendant Stuart telephoned the plaintiff regarding the property.

- 2 -

14.    Defendant Stuart, acting either for himself or as a straw man for another potential purchaser, verbally offered to purchase the property from the plaintiff by offering an amount far less than the assessed value of the property and far less than the plaintiff's purchase price for the property.

15.    Defendant Stuart conditioned his offer on a threat that if the plaintiff did not sell the property to him, he (Defendant Stuart) would use his position as First Selectman to deny the plaintiff necessary permits so as to frustrate the plaintiff's intended use for the property.

16.    Furthermore, defendant Stuart taunted the plaintiff over the fact that the plaintiff would be forced to continue to pay property taxes on the property despite not being able to enjoy its use as intended.

17.    Thereafter, the plaintiff filed an administrative appeal of the Zoning Board's decision in the Superior Court for the Judicial District of Litchfield, which was subsequently denied, and from which he has since appealed to the Appellate Court of the State of Connecticut.

18.    On or about November 29, 2006, the plaintiff applied for a driveway permit for the property.   This permit application came before Defendant Stuart for decision.

19.    On or about December 23, 2006, the plaintiff was clearing fallen trees from the property.

20.    Suddenly and without prior warning, Defendant Stuart appeared on the property, flashed his badge, proclaimed police authority as Chief of Police, and

threatened the plaintiff with arrest and jailing unless the plaintiff immediately ceased his actions and left the property.

21.    At that time and at that place, the Defendant Stuart also expressed his intention to block the entry to the property so that the plaintiff would be unable to access and use the property.

22.    In response to these threats, and in fear of unlawful arrest and detainment, the plaintiff left the property.

23.    Upon information and belief, Defendant Stuart, using Town resources, then caused three large immovable boulders to be placed across the entrance to the property so as to prohibit the plaintiff's access to and use of the property.

24.    Furthermore, upon information and belief, Defendant Stuart, using Town resources, caused the placement of dirt and/or crushed stone landfill across the entrance to the property so as to prohibit the plaintiff's access to and use of the property.

25.    Furthermore, upon information and belief, Defendant Stuart, using Town resources, caused the placement of snow across the entrance to the property so as to prohibit the plaintiff's access to and use of the property.

26.    As of the present date, the three boulders, dirt, landfill and/or snow remain placed across the entrance to the property.

27.    As of the present date, and so long as the boulders, dirt, landfill and/or snow remain placed across the entrance to the property, the plaintiff has been, and remains, denied access to and all uses of the property, to his damage and loss.

- 4 -

28.    In response to Defendant Stuart's conduct, the Plaintiff has spoken to other municipal officials and agents of the defendant Town, and has notified the defendant Town of Defendant Stuart's conduct through these conversations with such municipal officials and agents.

29.    The defendant Town, by and through its municipal officials and agents, is aware of the unlawful actions by Defendant Stuart against the Plaintiff, but has failed and/or refused to take action to prevent the prior and continuing harm to the Plaintiff by Defendant Stuart.

FIRST COUNT (As to Defendant William T. Stuart in his Official Capacity)

30.    This count is an action for money damages to redress the deprivation by Defendant Stuart of rights secured to the Plaintiff by the Constitution and laws of the United States and the State of Connecticut.

31.    During all times mentioned in this action, Defendant Stuart was duly appointed, employed and acting as First Selectman, Chief of Police and Superintendent of Highways for the Defendant Town of Bridgewater, and was acting in his official capacity.

32.    During all times mentioned in this Complaint, Defendant Stuart was acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States, State of Connecticut, and Town of Bridgewater.

33.    As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart's actions against the Plaintiff were undertaken without probable cause, without due process, contrary to law, and in violation of the Fourth, Fifth, Eighth

and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Sections 1983 and 1988.

34.    Defendant Stuart's actions were pursuant to and in furtherance of a custom and policy of the Defendant Town in which Defendant Stuart is permitted unfettered authority to serve his own personal and/or financial gain, or the personal and/or financial gain of others, and in which the municipal officials and agents of the Defendant Town ratify Defendant Stuart's conduct through either approval or by a failure to oppose him.

35.    As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart's conduct violated, and continues to violate, the Plaintiff's right to freedom from excessive force pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Sections 1983 and 1988.

36.    As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart's conduct violated, and continues to violate, the Plaintiff's right to freedom from the unlawful taking of liberty and property without due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Sections 1983 and 1988.

37.    As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart's conduct violated, and continues to violate, the Plaintiff's right to freedom from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Sections 1983 and 1988.

- 6 -

38.  As a direct and proximate result of Defendant Stuart's conduct, as set forth in paragraphs 1 through 29 of this Complaint, the Plaintiff has been subjected to fear of arrest and imprisonment, an unlawful taking of his liberty and property interests, and economic loss, all to his harm and detriment.

SECOND COUNT (As to Defendant William T. Stuart in his individual capacity)

39.  This count is an action for money damages to redress the deprivation by Defendant Stuart of rights secured to the Plaintiff by the Constitution and laws of the United States and the State of Connecticut.

40.  During all times mentioned in this action, Defendant Stuart was duly appointed, employed and acting as First Selectman and Town Constable for the Defendant Town of Bridgewater, however, in this Second Count, he is sued in his individual capacity.

41.  During all times mentioned in this Complaint, Defendant Stuart acted under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States, State of Connecticut, and Town of Bridgewater.

42.  As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart's conduct exceeded the lawful scope of his office and authority.

43.  As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart abused his position of authority so as to deprive the Plaintiff of his constitutional rights and of the use and enjoyment of the property.

44.  Defendant Stuart's actions were deliberate, intentional, and calculated to harm the Plaintiff for his own (Defendant Stuart's) personal gain.

45.    As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart's actions against the Plaintiff were undertaken without probable cause, without due process, contrary to law, and in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Sections 1983 and 1988.

46.    As set forth in paragraphs 1 through 29 of this Compliant, Defendant Stuart's conduct violated, and continues to violate, the Plaintiff's right to freedom from excessive force pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Sections 1983 and 1988.

47.    As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart's conduct violated, and continues to violate, the Plaintiff's right to freedom from the unlawful taking of life, liberty and property without due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Sections 1983 and 1988.

48.    As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart's conduct violated, and continues to violate, the Plaintiff's right to freedom from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Sections 1983 and 1988.

49.    As set forth in paragraphs 1 through 29 of this Complaint, Defendant Stuart's conduct clearly violated established constitutional rights, namely the right to be free from threat of arrest and detention without probable cause and the

right to be free from deprivation of liberty and property interests without due process of law, of which a reasonable person would have, and should have, known.

50.    As a direct and proximate result of Defendant Stuart's conduct, as set forth in paragraphs 1 through 29 of this Complaint, the Plaintiff has been subjected to fear of arrest and imprisonment absent probable cause, an unlawful taking of his liberty and property interests, and economic loss, all to his harm and detriment.

THIRD COUNT (As against Defendant Town)

51.    The Defendant Town, by and through its municipal officials and agents, is aware of the unlawful actions by Defendant Stuart against the Plaintiff, but has failed and/or refused to take action to prevent the prior and continuing harm to the Plaintiff by Defendant Stuart.

52.    Defendant Stuart's actions were pursuant to and in furtherance of a custom and policy of the Defendant Town in which Defendant Stuart is permitted unfettered authority to serve his own personal and/or financial gain and in which the municipal officials and agents of the Defendant Town ratify Defendant Stuart's conduct through either approval or by a failure to oppose him.

53.    The Defendant Town, by and through its municipal officials and agents, has failed to properly investigate, oversee and/or prohibit the conduct of Defendant Stuart and the resulting harm to the Plaintiff, as set forth in paragraphs 1 through 29.

54.    The Defendant Town has failed to implement any policies and/or procedures with respect to the actions of Defendant Stuart in his capacity as Chief of Police and as Superintendent of Highways.

55.    The Defendant Town has failed to properly train Defendant Stuart with respect to the proper use of his office as Chief of Police and as Superintendent of Highways.

56.    The Defendant Town, by and through its officials and agents, improperly permitted Defendant Stuart to appear in his capacity as First Selectman, and not as a private person, and proffer an unapproved and un-requested or illegally requested legal opinion at the Board's March 22, 2005 hearing.

57.    The Defendant Town's action as aforesaid was without due process and deprived the Plaintiff of the use of his property.

58.    As a direct and proximate result of the Defendant Town's actions and/or omissions, the Plaintiff has sustained harm and damages as set forth in paragraphs 1 through 29.

**WHEREFORE**, the plaintiff claims judgment against the defendants and each of them jointly and severally as follows:

A.     Compensatory monetary damages as to all Counts;

B.     Punitive Damages as to the Second Count;

C.     Attorneys' Fees and the costs of this action pursuant to Title 42 United States Code Sections 1983 and 1988 as to all Counts; and

D.     Such other relief as is fair and equitable.

## JURY DEMAND

The plaintiff demands a trial by jury.

THE PLAINTIFF,
PAUL GARLASCO

By:     _____
        Jason M. Lipsky
        LIPSKY FOX, L.L.C.
        218 Plank Road, Waterbury, CT 06705
        Tel (203) 755-3100; Fax (203) 755-3133
        Jason@Lipskyfox.com or jasonlipsky@yahoo.com
        Fed. Bar No. ct18332

By:     _____
        Michael D. Fox
        LIPSKY FOX, L.L.C.
        218 Plank Road, Waterbury, CT 06705
        Tel (203) 755-3100; Fax (203) 755-3133
        Mickey@Lipskyfox.com
        Fed. Bar No. ct26765

Dated February 27, 2007