UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL GARLASCO | : | |
| | : | |
| VS. | : | NO. 3:07cv318(DJS) |
| | : | |
| WILLIAM T. STUART and | : | |
| TOWN OF BRIDGEWATER | : | JUNE 7, 2009 |

**AMENDMENT TO JOINT TRIAL MEMORANDUM**

**(1)    TRIAL COUNSEL**

For the Plaintiff

John R. Williams (ct00215)
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax: 203-776-9494
jrw@johnrwilliams.com

For the Defendants

John A. Blazi
786 Chase Parkway
Waterbury, CT 06708
203-596-0600
blazi.law@sbcglobal.net

**(2)    JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(a)(3), 1391(b)(1) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**(3)    JURY-NONJURY**

This is a jury case.

**(4)    LENGTH OF TRIAL**

Counsel estimate that three days of trial will be required based on the length of testimony of each witness on both direct and cross examination.

**(5)    FURTHER PROCEEDINGS**

The plaintiff believes that no further proceedings are in order, although this case might benefit from a settlement conference at this time.  The defendants believe that the court may be called upon to rule on discovery motions.

**(6)    NATURE OF THE CASE**

**Plaintiff's View**

The plaintiff has sued the defendants under 42 U.S.C. § 1983 for depriving him of his property without procedural or substantive due process of law.  The plaintiff is an attorney who owns approximately eighteen acres of land

in Bridgewater, Connecticut, where he desires to construct a residence for himself and his family.  The defendant William T. Stuart has been the First Selectman of Bridgewater for more than twenty years and, the evidence shows, rules the Town with an iron fist and for the financial enrichment of himself and his cronies.  Mr. Stuart owns a commercial farm and a large riding stable which boards and cares for riding horses.  As the head of the Fairfield Hunt, a group of prosperous fox hunters, he has directed all that group's stable and grooming business to himself and makes substantial profits from that business.  As First Selectman, he holds a voting position on the Board of the Bridgewater Land Trust, a charitable trust which over time has acquired hundreds of acres of extremely valuable land all of which is leased to Stuart at rates well below market.  He uses this land to support his businesses.

In the course of his protracted efforts to obtain the necessary permits from local officials to construct his new home, the plaintiff learned that his proposed residence was in the path of the Fairfield Hunt, which wanted his land left undeveloped. He also discovered that it abutted an expanding land assemblage on which now resides one George Kress, a nationally-known business tycoon who told the plaintiff:  "Kid, I got more money and more lawyers than you got hair on your head."

When the plaintiff attempted the seemingly simple process of obtaining

the permits necessary to construct a residence on his 18-acre parcel, he encountered the unexpected opposition of defendant Stuart.  In the resulting nightmare of appeals and litigation, the plaintiff has been fought at every turn by the officials, lawyers and boards of the Town of Bridgewater, all acting under Stuart's direction.  Stuart has banned the plaintiff, in writing, from having any contact with any local officials upon threat of arrest.  He had town workers construct a blockade on the Old Town Highway at the entrance to the plaintiff's property, thereby barring the plaintiff from his own land for more than six months. This action followed a physical confrontation in which Stuart, wearing a Christmas costume of some sort, raged at the plaintiff and threatened him with jail should he attempt to cut any dead wood on the property.

The result of Stuart's various efforts has been to completely deny the plaintiff any access to or use of his property for at least six months and to effectively prevent him from using the property for any productive purpose indefinitely.  Stuart has repeatedly attempted to purchase the plaintiff's property at a price below its fair market value.  At various times he has claimed to be acting for himself, for the Fairfield County Hunt, or for Mr. Kress.  He has explicitly threatened the plaintiff that if the plaintiff does not sell to him he will never receive the permits he needs and will be stuck paying taxes on property that cannot be used.  This tactic has been used by Stuart previously against

other landowners in the town.

### Defendants' View

Defendants, based upon the court's Memorandum of Decision and Order
dated March 17, 2009, believe that this case is limited to plaintiff's claim of
violation of his substantive and procedural due process rights based upon the
alleged blocking of plaintiff's access to his property based upon the alleged
blocking of access to the "Discontinued Road" from the cul de sac of Old Town
Highway. The case also involves the defendants' claim that the Defendant
William Stuart is entitled to Qualified Immunity.  Lastly, the case will decide
whether the Town of Bridgewater is liable for the alleged actions of its First
Selectman and Police Chief, William Stuart. The defendants believe that the
evidence will show that the alleged blocking of the "Discontinued Road" did not
impede in any way the plaintiff enjoyment or use of his property or cause the
plaintiff any economic damages.  This is because the plaintiff enjoyed no right to
develop the property at the time of the alleged blocking, held no permit to harvest
timber from the property and therefore any economic use he could have had for
the property would have been extremely limited.  Moreover, the defendants
dispute that the material allegedly placed the "Discontinued Road" even blocked
vehicular traffic to the "Discontinued Road" as evidence will show that there was

sufficient clearance to drive a vehicle around the material allegedly placed at the

"Discontinued Road" and therefore access to plaintiff's property was denied.

Plaintiff seeks compensatory and punitive damages and attorneys' fees.

**(7)   TRIAL BY MAGISTRATE JUDGE**

The parties do not agree.

**(8)   LIST OF WITNESSES**

**For the Plaintiff**

1.  The plaintiff will testify concerning all issues raised in this case, including damages.  Direct: Three hours.

2.  Loy Wilkinson, 250 Northrup Street, Bridgewater, CT, will testify concerning the defendant's actions respecting the plaintiff and the factual basis for the defendant's motivations.  Direct: Two hours

3.  William Stuart, Jr., will testify concerning actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One hour

4.  Cheryl L. Johnson, 33 Riverside Avenue, Westport, CT, will testify concerning the defendant's actions respecting the plaintiff and the factual basis for the defendant's motivations.  Direct: One hour.

5.  Julianne R. Stuart will testify concerning actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One hour.

6.  Walter H. Von Egidy will testify concerning actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One hour.

7.  Janet Totten will testify concerning actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One half hour.

8.  John B. Fentner, Jr., 12 Washington Circle, Unionville, CT, will testify concerning real estate aspects of this litigation and concerning prior admissions of the defendant.  Direct: One hour.

9.  Stephen Krasky, 8 Santa Lane, New Milford, CT, will testify concerning actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations.  Direct: One hour.

10.  Donald Garrity will testify concerning actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One hour.

11.  Tom Seger will testify concerning actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One hour.

12.  Randall J. Carreira will testify concerning actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. He also will testify concerning the character and reputation of the defendant. Direct: Two hours.

13.  John F. Carr, Jr., will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. He also will testify concerning the character and reputation of the defendant. Direct: Two hours.

14.  Michael Ziska, 185 Asylum Street, Hartford, CT, will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations.  Direct: Two hours.

15.  Leo Null will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: Two hours.

16.  Thomas Allingham will testify concerning the actions of the defendant

with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: Two hours.

17.   Robin Von Reyn, 57 Bilberry Road, Bridgewater, CT, will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations.  Direct: One hour.

18.   Amy Allingham will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One hour.

19.   John Marsh will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One hour.

20.   Kevin Reynolds will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One hour.

21.   Daniel Samoski, Connecticut State Police, will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations.  Direct: One hour.

22.   Dennis Keane, Connecticut State Police, will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations.  Direct: One hour.

23.   Constable Thomas Daniels will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations.  Direct: One hour.

24.   Bud Wright will testify concerning the actions of the defendant with respect to the plaintiff and the factual basis for the defendant's motivations. Direct: One hour.

25.   Ronald J. George, 40 Old New Milford Road, Brookfield, CT, will testify concerning the plaintiff's real property.  Direct: One-half hour.

26.  Michael D. Rybak, 93 West Street, Litchfield, CT, will testify

concerning real estate issues.  Direct: One hour.

27.  Joanann Shepard, 118 Coalpit Hill Road, Danbury, CT, will testify concerning real estate appraisal issues.  Direct: Two hours.

28.  Arthur H. Howland, 63 Bridge Street, New Milford, CT, will testify concerning the plaintiff's real property.  Direct: One hour.

29.  Susan T. Hansen will testify concerning her land transactions with the plaintiff.  Direct: One-half hour.


**For the Defendants**

1) William T. Stuart, First Selectman, Town of Bridgewater. Mr. Stuart will testify concerning his duties as a public official and his knowledge as to plaintiff's allegations as to the blocking of the Discontinued Road, complaints he received as to plaintiff's activities in the area, actions he took in response to said complaints, actions he took in response to similar problems on other roads in Bridgewater that dead-ended into undeveloped property. Mr. Stuart will also testify as to his interaction with the plaintiff and others concerning the plaintiff's conduct and the steps he took in response to plaintiff's conduct.  Mr. Stuart will testify as to the lack of issuance of permits to the plaintiff as they relate to his property and the conditions in the area where the Old Town Highway met the "Discontinued Road" at various points in time as it pertains to plaintiff's allegations. Expected length of testimony on plaintiff's direct; 2-3 hours, defendants' cross .5 hours.

2) Neil Cable, Selectman, Town of Bridgewater, Mr. Cable will testify concerning his duties as a public official and his knowledge as to plaintiff's allegations as to the blocking of the Discontinued Road, complaints the Town received as to plaintiff's activities in the area, actions taken by the Town in response to said complaints, actions the Town took in response to similar problems on other roads in Bridgewater that dead-ended into undeveloped property. Mr. Cable will also testify as to his interaction with the plaintiff and others concerning the plaintiff's conduct and the steps he

took in response to plaintiff's conduct.  Expected length of testimony on defendant's direct; .8 hours, plaintiff's cross .5 hours.

3) Edward Bennett, Selectman, Town of Bridgewater, Mr. Bennett will testify concerning his duties as a public official and his knowledge as to plaintiff's allegations as to the blocking of the Discontinued Road, complaints the Town received as to plaintiff's activities in the area, actions taken by the Town in response to said complaints, actions the Town took in response to similar problems on other roads in Bridgewater that dead-ended into undeveloped property. Mr. Bennett will also testify as to his interaction with the plaintiff and others concerning the plaintiff's conduct and the steps he took in response to plaintiff's conduct.  Expected length of testimony on defendant's direct; .8 hours, plaintiff's cross .5 hours.

4) Michael Deak, Road Foreman, Town of Bridgewater, Mr. Deak will testify concerning his duties as a public official and his knowledge as to plaintiff's allegations as to the blocking of the Discontinued Road, complaints the Town received as to plaintiff's activities in the area, actions taken by the Town in response to said complaints, actions the Town took in response to similar problems on other roads in Bridgewater that dead-ended into undeveloped property. Mr. Deak will also testify as to his interaction with the plaintiff and others concerning the plaintiff's conduct and the steps he took in response to plaintiff's conduct. He will also testify as to the conditions in the area where the Old Town Highway met the "Discontinued Road" at various points in time as it pertains to plaintiff's allegations.  Expected length of testimony on defendant's direct; 1.2 hours, plaintiff's cross .5 hours.

5) Walter Floss, 185 Sandy Hill Road Middlebury, CT. Mr. Floss will give his opinion as to the value of plaintiff's property as it pertains to the allegations of plaintiff's complaint. Defense direct; 1 hour, Cross .8

6) Peter and Breanne, Leslie Foyto, Bridgewater, CT will testify as to their knowledge as to plaintiff's allegations as to the blocking of the Discontinued Road, complaints made to the Town as to plaintiff's activities in the area and actions taken by the Town in response to said complaints. Defense direct .8 hours per witness, Cross .5 per witness

7) Cheryl Pinkos, Town Clerk, Town of Bridgewater, will testify concerning her duties as a public official and her knowledge as to plaintiff's allegations as to the

10

blocking of the Discontinued Road and as to permit issued relative to plaintiff's property. Defense direct .8 hours, Cross .5 hours

8) Fred Baker, Esq, 24 Delay Street, Danbury, CT will testify as to the history of the "Discontinued road" and that the fact that it was never a town road and therefore it could not have been discontinued as a town road.  Further, Mr. Baker will testify that the so called "abandonment" of the road in Town records was the result of a lawsuit which caused the Town to list all roads that it maintained as Town roads and to consider all other "paper", "wood" or "trails" as "abandoned" so as to limit liability as to maintenance issues. Further, Mr. Baker will testify that the "Discontinued Road" referred to in plaintiff's complaint was never listed a Town road when the Town decided to establish its list of roads for maintenance purposes. Lastly, that prior to April 16, 2009, the Town of Bridgewater in accordance with C.G.s. sec 13a-55 had never made a determination of whether the "Discontinued Road" was a Town road.  Defense direct 1.8 hours Cross 1.2 hours

9) David and Sylvia Baker, 67 Botsford Road, Roxbury, CT will testify that the Fox Hounds club has not used their property over the last six years.  Defense direct 1.0 hours, Cross .5 hours.

10) Bary Burton, Botsford Road, Roxbury, CT will testify that the Fox Hounds club has not used their property over the last five years.  Defense direct 1.0 hours, Cross .5 hours.

11) Mark K. Branse, Esq. 148 Eastern Blvd. Glastonbury, CT will testify as to issues that pertain to the plaintiff's land use applications.  Defense direct 1.0 hours, Cross .5 hours.

Defendants reserve the right to call any witnesses identified by the plaintiff and to call rebuttal witnesses.


**(9)    EXHIBITS**

### For the Plaintiff

1     Bridgewater Land Records, Vol. 18, pp. 110 - 112

2       Bridgewater Land Records, Vol. 20, p. 812 and attached map

3       Bridgewater Land Records, Vol. 26, pp. 251 - 252

4       Bridgewater Land Records, Vol. 28, p. 13

5       Bridgewater Land Records, Vol. 31, pp. 755 - 757

6       Bridgewater Land Records, Vol. 47, pp. 974 - 981

7       Bridgewater Land Records, Vol. 50, pp. 194 - 203

8       Bridgewater Land Records, Vol. 52, p. 298

9       Bridgewater Land Records, Vol. 53, pp. 257 - 262

10      Bridgewater Land Records, Vol. 54, pp. 452 - 456

11      Bridgewater Land Records, Vol. 64, pp. 281 - 282

12      Bridgewater Land Records, Vol. 64, pp. 325 - 328

13      Bridgewater Land Records, Vol. 71, pp. 628 - 631

14      Fentner survey

15      Survey dated 6/11/87

16      Tax map dated 8/27/98

17      Map No. 845, dated 7/1/87

18      Map No. 844, dated 9/13/84

19      Map filed 10/31/67

20      Map filed 1/8/63

21      Map revised 11/25/03

22      Board of Selectmen minutes 2/13/80

23      Board of Selectmen minutes 3/18/80

24      10/6/24 deed from Trowbridge to Orzeck

25      Town Records, pp. 109-110

26      Deed from Bridgewater to White dated 12/18/62

27      Bridgewater Land Trust minutes 12/21/04

28      Phone Call slip dated 3/29/05

29      Drainage Report dated 8/3/06

30      Web Soil Survey dated 12/14/07

31      Letter from Stuart to Garlasco dated 1/17/07

32      Letter from Garlasco to Kelly dated 11/6/07

33      ZBA minutes for 3/22/05

34      Letter from Vaughn to Garlasco dated 11/17/04 with attachment

35      Property Record Cards for Parcels 27-1 through 27-26

36      Letter from Hansen to ZBA

37      Appraisal for Property at Keeler Road

38      Appraisal for Property on Old Town Highway

39      Contract between Hansen and plaintiff dated 4/10/06

40      Permit Number 06-9-4

41      Baker Law Firm billing records

42      Bridgewater Real Property Tax Assessor Records

43      Letter from Johnson to Baker and Stuart dated 5/10/02, with
        attachments

44      Bridgewater Land Trust Farm Committee minutes 3/27/01

45      Contemporary photographs portraying the blocking of access to the
        plaintiff's property and related matters.

46      Letter from Attorney Fred L. Baker to Attorney William J. Lavery,
        dated October 7, 1980, with attachments


**For the Defendants**

1) PHOTO OF IMPROVED AREA OF OLD TOWN HIGHWAY

2) PHOTO OF ABANDONED "DISCONTINUED ROAD"

3) MAP OF SITE DEVELOPMENT PLAN GARLASCO PROPERTY
4) PHOTOS OF ABANDONED ROAD WITH CONES MARKING
        PLACEMENT OF BOULDERS

5) PHOTOS OF OTHER TOWN ROADS WITH BLOCKAGE OF ACCESS TO
        UNDEVELOPED PROPERTY

6) MAP OF "DISCONTINUED ROAD"

The defendants reserve the right to offer any of the exhibits offered by the
        plaintiff and to amend its list of exhibits pending ruling on the defendants'
        discovery motion.


**(10)   PROPOSED VOIR DIRE QUESTIONS**

**For the Plaintiff**

1.  This is a lawsuit for civil rights violations brought by a citizen against a

municipality and a First Selectman.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against public officials?  If so, please explain.

4.  Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

5.  Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

6.  Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

7.  Has anyone here ever served as an appointed or elected official of state, city or local Government?

8.  Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

9.  Has anyone here or any close to you ever been employed by an attorney?

10.  Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

11.  Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

12.  Where are you employed?

13.  If you are married, is your spouse employed by any municipality?

**For the Defendants**

1.  Are you related to any of the parties or witnesses in this case?

2.  Have you ever been a party to a claim against a municipality?

3,  Have you ever brought a claim for violation of a civil right?

4.  Have you ever had any dealings with the Town of Bridgewater or any of its elected officials that would affect you ability to be impartial in this matter?

5.  Have you read anything about this case or heard anything in the media that would affect you ability to be impartial in this matter?

6.  Have you ever served on any boards, committees or other bodies that deal with land use issues?

**(10)   REQUESTS FOR JURY INSTRUCTIONS**

Submitted separately.


**(11)   ANTICIPATED EVIDENTIARY PROBLEMS**

Plaintiff is not aware of any at this time.

Defendant anticipates that there will be an evidentiary problem concerning the legal status of the so called "Discontinued Road".  On April 16, 2009, The Town of Bridgewater in accordance with C.G.S. Sec 13a-55 passed a resolution determining that the "Discontinued Road" was <u>never</u> a Town road.  This finding as permitted by statute was made because the Town concluded that the "Discontinued Road" "was never used by the general public, maintained, plowed, or treated as such by the Town and it was not otherwise substantiated to have ever been dedicated or accepted as a Town road".  The defendants further anticipate evidentiary problems based upon relevancy considerations given the plaintiff's expansive descriptionof the case which the defendants believe seems to ignore the Court's ruling on the Defendants' Motion to Dismiss and for Summary Judgment.

THE PLAINTIFF


BY:_____/s/_____

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax:  203.776.9494
jrw@johnrwilliams.com
His Attorney


THE DEFENDANTS


BY:_____/s/_____

JOHN A. BLAZI
786 Chase Parkway
Waterbury, CT 06708
203-596-0600
Fax: 203-596-7953
blazi.law@sbcglobal.net
Their Attorney